IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DALE FRANCIS, ) | |
| ) | Case No. 1:04CV229 |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge Ann Aldrich |
| ) | |
| PROTECTION ONE ALARM ) | |
| MONITORING, INC., ) | |
| ) | |
| Defendant. ) | MEMORANDUM AND ORDER |

In this breach of contract action, plaintiff Dale Francis ("Francis") seeks compensation for fire damage to his business premises. Francis alleges that said damage was exacerbated by a malfunction in the alarm installed and maintained on the premises by defendant Protection One Alarm Monitoring, Inc. ("Protection One"). On June 2, 2004, the court granted leave to intervene under Federal Rule of Civil Procedure 24 to Fulcrum Insurance Company ("Fulcrum"), an insurer of the premises at issue (Docket No. 15). On May 25, 2005, the court granted Francis's motion for default judgment on its counterclaims (Docket No. 47). Now before the court is a motion for summary judgment filed by Francis on January 6, 2005 (Docket No. 32), as well as a motion to strike documents filed by Fulcrum (Docket No. 33). For the following reasons, the court grants Protection One's motion and dismisses the case in its entirety.

**I. Background**

Francis is in the business of specialty automotive engine design, installation, and testing. Protection One is a security firm with whom Francis contracted for the installation of an alarm system on his business property

in Leroy, Ohio. Francis alleges that he installed, activated, and properly maintained an alarm system provided by Protection One, whose primary purpose was to automatically alert the authorities in the event of a fire.

Francis alleges that on October 17, 2001, a fire arose in his building, and the system installed by Protection One failed to alert the fire or police departments as warranted. Francis claims that Protection One was negligent in failing to ensure the proper working order of its equipment, which negligence proximately caused injury to him. Francis also claims that Protection One breached its monitoring contract by failing to ensure proper performance by the equipment, and that the equipment was not fit for the particular purpose for which it was supplied.

Asserting that summary judgment is warranted in its favor, Protection One advances a number of arguments, including lack of timeliness, contractual limitation of damages and anti-subrogation provisions, and failure to state a claim for negligence upon which relief can be granted. Francis has failed to oppose Protection One's motion; Fulcrum filed its opposition on February 7, 2005.

## II. Discussion

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir.2004).

If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

> must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252.

When a summary judgment motion is unopposed, the burden on the moving party to demonstrate the appropriateness of summary judgment is not lessened. *See Cross v. Northwest Airlines*, 998 F.Supp. 803, 805 (N.D. Ohio 1998), citing *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 410 (6th Cir. 1992). "The court is required, at minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). In sum, "the movant must always bear this initial burden regardless if an adverse party fails to respond." *Id.*

Upon review of Protection One's motion, it is clear that the defendant has discharged its initial burden and established that the case was untimely filed. Language in the contract signed by Francis and submitted as

-3-

an exhibit to his complaint clearly requires that "no lawsuit or other legal proceeding connected with [the contract] shall be brought or filed more than one (1) year after the incident giving rise to the claim occurred." The parties agree that the incident giving rise to this action is the fire of October 17, 2001; Francis filed his suit in the Cuyahoga County Court of Common Pleas on January 13, 2004.

Opposing summary judgment, Fulcrum first challenges the admissibility of the contract submitted by Protection One as an exhibit to its motion. Rule 56(c) permits the court to consider, in ruling on a motion for summary judgment, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Fulcrum is correct in observing that certain documents must be authenticated before the court may consider them. "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." FED. R. CIV. P. 56(e). "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

However, the converse of this rule is also true. "The court may consider any material that would be admissible or usable at trial." 10A CHARLES ALAN WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE, § 2721 (3d ed. 1998)(emphasis added). Usable documents include the "admissions on file" mentioned specifically by Rule 56(c), as well as "uncertified or otherwise inadmissible documents ... if not challenged." *Id.*, at § 2722. The court finds that the copy of the Francis contract submitted by Protection One fits into at least one of these categories. While Fulcrum disputes the contention that said contract matches the document enclosed with the plaintiff's complaint, Francis has never specifically challenged its authenticity. Moreover, as Protection One observes, the entry of a default judgment on its counterclaim (see Docket No. 47) requires the court to presume, as a matter of procedure, that Francis has admitted the existence and authenticity of the

-5-

contract submitted as an exhibit thereto. Accordingly, the court denies Fulcrum's motion to strike and proceeds to consider the contract as submitted by Protection One.

Having done so, it is readily apparent that no issue of material fact remains regarding the timeliness of this suit. Francis signed a contract including the following provision: "Both we and you agree that no law suit or any other legal proceeding connected with this Agreement shall be brought or filed more than one (1) year after the incident giving rise to the claim occurred." Such provisions are enforceable under the relevant state law, as long as the time allowed is reasonable. *Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586 (1947); *Universal Windows & Doors v. Eagle Window & Door*, 116 Ohio App. 3d 692, 696-97 (Hamilton Cty. 1996) (one-year limitation on commencement of action for breach of dealership contract deemed reasonable). In this matter, the court finds that a one-year limitations period provides sufficient opportunity for the protection of each party's rights, while promoting swift resolution of claims of the sort applauded in *Universal Windows*. The contract provision is therefore reasonable, and enforceable.

Because Francis did not commence this suit until January 13, 2004, more than a year after the expiration of the contractual limitations period, Protection One has carried its initial burden and demonstrated that the action is untimely filed. As an intervening subrogee, Fulcrum possesses no further right to continue as a plaintiff in the untimely action.

### III. Conclusion

For the foregoing reasons, the court enters summary judgment in favor of Protection One on all claims. This order is final and appealable.

IT IS SO ORDERED.

   /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: July 11, 2005**